In the Matter of the Judicial Settlement of the Accounts of FRANK J. MAGUIRE, as Executor and Trustee under the Last Will and Testament of JOSEPHINE V. BLODGETT, Deceased.— Decree modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: If the respondents wished to be protected against possible liens for franchise taxes against the Seneca street property of the Buffalo Glass Company, they could have cited the Attorney-General and raised the question in this proceeding. Furthermore, there is no proof that appellant, as president of the Buffalo Glass Company, has any power or authority to execute a deed of said property on behalf of that company. Moreover, the Surrogate's Court had no jurisdiction over that company or over the representatives of the Harry C. Blodgett or the Gertrude Blodgett Zulauf Estates in this proceeding to order them to execute quit claim deeds to the respondents. The facts do not indicate any basis for ordering the appellant, as executor and trustee of the Josephine V. Blodgett Estate, to execute a quit claim deed of said property to the respondents. The surrogate, having made no finding of bad faith, fraud or personal enrichment against the appellant as executor or trustee, should have allowed him his full commissions as trustee, he having already had his commissions as executor. A trustee should not be penalized for an honest mistake of law upon his part, especially where, as here, there is a surety company bond ample in amount to protect the respondents against loss. (*Ellis* v. *Kelsey*, 241 N. Y. 374, 381; *Matter of Baker*, 249 App. Div. 265, 270.) The decree, in so far as it denies commissions to the appellant as trustee and directs that certain quit claim deeds be procured or given by appellant or that he furnish a certificate from the Department of Taxation and Finance of the State of New York, or, in the alternative, give a title bond of not less than $63,800 or procure a final judgment of a court of competent jurisdiction, showing the Seneca street property to be free from liens and charges of all kinds, should be modified by striking therefrom said provisions and as so modified should be affirmed, without costs to any party. The matter should be remitted to the Surrogate's Court to allow and compute the trustee's commissions. All concur. (The decree judicially settles the accounts of the executor and trustee of decedent.) Present — Cunningham, Taylor, Dowling and Harris, JJ.

GARRY McGEE, as Administrator, etc., of CATHERINE G. McGEE, Deceased, Appellant, v. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur. (The judgment dismisses plaintiff's complaint in an action to rescind an annuity contract.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.